ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2022-Feb-14  09:24:44
46CV-22-80
C08SD03 : 6 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## CIVIL DIVISION

**DEANDRE IVERSON**                                      **PLAINTIFF**

**vs.**                                 NO. _____

**SCHNEIDER NATIONAL CARRIERS, INC.**                **DEFENDANTS**
**AND KENYAN HEAD**

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Deandre Iverson, Plaintiff, by and through his attorneys, and files Plaintiff's

Original Complaint against Defendants Schneider National Carriers, Inc. and Kenyan Head, and in

support thereof would show unto the Court as follows:

### I.
### PARTIES

1.      Plaintiff Deandre Iverson is an individual and citizen of Lafayette County, Arkansas.

2.      Defendant Schneider National Carriers, Inc. is a foreign corporation with its principal

place of business located in Green Bay, Wisconsin. Said Defendant has been authorized to conduct

business and does conduct business in the State of Arkansas and may be served with process through

its registered agent for service CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little

Rock, Arkansas 72201.

3.      Defendant Kenyan Head is an individual and citizen of the State of Mississippi. Said

Defendant may be served with process at 33 Parklane, Greenwood, Mississippi 38930.

### II.
### JURISDICTION AND VENUE

4.      A substantial portion of the conduct giving rise to this action occurred in Miller

County, Arkansas, and Plaintiff's damages were sustained in Miller County, Arkansas. Jurisdiction

and venue are therefore proper in this Court.

5.      Defendants maintain and have maintained substantial contacts within the State of Arkansas.  Specifically, said Defendants regularly travel within and through the State of Arkansas in the transport of goods and delivery of services within the State.  This suit arises out of conduct Defendants committed in the State of Arkansas.

### III.
### FACTUAL BACKGROUND

6.      On February 9, 2021, at approximately 8:48 a.m. Plaintiff Iverson was operating his 1996 Kenworth tractor and log trailer East on Highway 108 in Miller County, Arkansas.  At that time Defendant Head, who was driving a 2015 Kenworth tractor hauling a trailer exited a private driveway at the Flying J truck stop and entered Highway 108 in the path of Iverson's vehicle, which had the superior right-of-way.  The two vehicles collided after Head failed to yield the right-of-way to oncoming traffic, including Plaintiff.  Plaintiff sustained serious and permanent injuries as a result of the collision as set forth herein after.

7.      At all material times Defendant Head was acting within the course and scope of his employment and/or agency for Defendant Schneider National Carriers, Inc.  Moreover, Head was driving under the Federal Motor Carrier Authority of Defendant Schneider National Carriers, Inc.  Accordingly, Head's negligence is imputed to and attributable to Defendant Schneider.

8.      Defendant Head owed a duty of ordinary care to Plaintiff at the time of the occurrence.  Defendant Head was negligent in that he failed to use ordinary care in the following respects:

•      Failure to yield the right-of-way to traffic on Highway 108, including Plaintiff;

•      Failure to maintain a proper lookout;

•      Failure to keep his vehicle under control; and

• Otherwise failing to use ordinary care under the circumstances then existing.

Each of these acts and omissions of negligence were a direct and proximate cause of damages to Plaintiff as set forth hereinafter.

9.      Defendant Schneider National Carriers, Inc. owed a duty of ordinary care to Plaintiff at the time of the occurrence.  Defendant Schneider had promulgated practices, policies, and procedures regarding safety of the motoring public as a motor carrier.  These practices, policies, and procedures were formed and implemented from the corporate headquarters of Schneider.  The decisions made by Defendant Schneider had direct cause bearing on the preventability of the crash that forms the basis of the claims before this Court, specifically including the practices, policies, and procedures and the implementation of the same regarding distracted and fatigued drivers as related to their fleets of large trucks that travel over interstate highways across the United States.

## IV.
## DAMAGES

10.     Plaintiff Iverson immediately began experiencing severe pain in his neck, back, head, shoulders and left knee.  Iverson sustained a concussion, and was transported by ambulance to the emergency department of Christus St. Michael Health System for treatment.  Accordingly, Plaintiff sustained the following damages as a direct and proximate result of the negligence of Defendants:

a.      Reasonable expenses of necessary medical care, treatment and services received in the past and reasonably certain to be required in the future;

b.      Pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

c.      Scarring, disfigurement and visible results of injuries;

d.      Incurrence of lost wages and loss of wage earning capacity in the future; and

      e.     Damages to Plaintiffs personal property, including the vehicle in which he was riding at the time of the collision.

11.     The truck operated by Defendant Head was a commercial vehicle with a gross vehicle weight in excess of 10,001 pounds involved in interstate commerce, and thus subject to compliance with the Federal Motor Carrier Safety Regulation ("FMCSR") and applicable Arkansas laws governing the operation of commercial trucks.

12.     At all times herein, Defendant Schneider negligently, carelessly, recklessly and unlawfully hired, retained, trained and supervised their agents, employees, servants and/or independent contractors who they assigned to operate, drive and control said vehicles in that, among other things, Defendant Schneider knew or should have known that said persons were unfit for the specific tasks to be performed during the scope and course of their employment and/or agency, namely the safe operation of said vehicles.

13.     At all times Defendant Schneider owed a duty to the public and to Plaintiff not to allow an unfit driver, who is unqualified, fatigued, distracted or in excess of the maximum allowable hours of service to operate, drive and control their vehicles.  Defendant Schneider had a duty to promulgate and enforce adequate policies and procedures to prevent these unsafe acts.

14.     At all times material hereto, Defendant Schneider negligently, carelessly, recklessly and unlawfully owned, drove, entrusted, controlled and otherwise negligently operated said vehicles so as to cause a collision, thereby proximately and legally causing the injuries of Plaintiff as hereinafter enumerated.  Defendant Schneider owed duties to exercise reasonable care in the hiring, training and supervision of employees and drivers, including Defendant Head, in the operation of trucks to avoid causing injuries to others, and to promulgate and enforce policies, procedures and rules to those ends.  These duties include the duty to comply with the common law, the Federal

Motor Carrier Safety Regulations, industry standards and the relevant provisions of state law and regulations.

15.     Defendant Schneider breached the duties they owed to Plaintiff by committing one or more of the following acts of negligence:

    a.     Failing to properly hire safe, qualified drivers for operation of commercial trucks, including Defendant Head;

    b.     Failing to properly supervise and train drivers for operation of commercial trucks, including Defendant Head;

    c.     Negligently retaining drivers, including Defendant Head;

    d.     Negligently entrusting drivers, including Defendant Head;

    e.     Negligently allowing, encouraging and/or aiding and abetting Defendant Head to operate a commercial interstate tractor-trailer while fatigued or in excess of the allowable hours of operation thereof and/or while distracted;

    f.     Negligently failing to have proper procedures or policies in place or promulgated for the monitoring of driver hours, including Defendant Head, to prevent drivers from operating tractor-trailers while fatigued and/or distracted for the use of cell phones or other devices; and

    g.     Otherwise failing to use reasonable care.

16.     The failures and negligence of Defendant Schneider legally caused the damages to Plaintiff as set forth hereinafter.

17.     Plaintiff seeks damages in excess of $75,000.

**V.**
**JURY DEMAND**

18.     Plaintiff requests trial by jury on all claims for which a jury trial is available.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Deandre Iverson prays for entry of judgment against Defendants Schneider National Carriers, Inc. and Kenyan Head, jointly and

severally, as follows:

- An amount in excess of any jurisdictional requirement for federal jurisdiction and diversity of citizenship;

- Reasonable expenses of necessary medical care, treatment and services received in the past and reasonably certain to be required in the future;

- Pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

- Scarring, disfigurement and visible results of injuries;

- Lost wages incurred to date and loss of wage earning capacity in the future;

- Property damages as described hereinabove;

- Costs of Court;

- Pre-judgment and post-judgment interest at the maximum amount allowed by law;

- Any and all other relief to which Plaintiff may be entitled.

February 11, 2022                    Respectfully submitted,

                                     /s/ W. David Carter
                                     _____

                                     W. David Carter
                                     Arkansas State Bar No. 85025
                                     MERCY ✶ CARTER, L.L.P.
                                     1724 Galleria Oaks Drive
                                     Texarkana, Texas 75503
                                     Telephone: (903) 794-9419
                                     Fax.: (903) 794-1268
                                     wdcarter@texarkanalawyers.com

                                     ATTORNEYS FOR PLAINTIFF
                                     DEANDRE IVERSON